IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

```
                            )
IN RE                       )
                            )
CLARENCE M. JONES, JR. and  )   CASE NO. 04-34214-H3-13
GALE M. JONES,              )
                            )
          Debtors,          )
                            )
```

<u>MEMORANDUM OPINION</u>

The court has held a final hearing with respect to the "Motion for Relief from Automatic Stay or, Alternatively, for Adequate Protection" (Docket No. 56) filed by GE Capital Corporation.  The following are the Findings of Fact and Conclusions of Law of the court.  A separate conforming Judgment will be entered.  To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such.  To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

<u>Findings of Fact</u>

Clarence M. Jones, Jr. and Gale M. Jones ("Debtors") filed a voluntary petition under Chapter 13 of the Bankruptcy Code on March 22, 2004.

Debtors initially filed a Chapter 13 plan on April 19, 2004.  (Docket No. 7).  Debtors filed an amended Chapter 13 plan on December 21, 2004.  (Docket No. 44).

The amended plan calls for Debtors to make payments to the Chapter 13 Trustee, totaling $31,166.30.  The amended plan calls for Debtor to pay $6,575.00, plus interest at 6 percent, to GE Auto Financial Services, over 60 months.

Debtors' amended schedules (Docket No. 40) reflect a claim for GE Auto Financial Services, in the amount of $6,575.00, secured by a 1995 Jaguar.  Debtors valued the vehicle at $10,000.00 in the schedules.

Debtors' amended plan was confirmed, by order entered April 5, 2005.  (Docket No. 54).  Although the Debtors' amended plan provides for payment of the claim of GE Auto Financial Services through the plan, the confirmation order provides in pertinent part:

1.    The Debtor's Plan is confirmed.

* * *

6.    The following secured creditors are known to the Court at this time and are provided for as follows:

| Name of Creditor | Claim or Sched. Amt. | Value of Collateral | Interest Rate | Monthly Payment |
|---|---|---|---|---|

* * *

| GE CAPITAL AUTO FINANCIAL | 11038.02 | 10000.0 | .00 | 554.00 |
| PAID DIRECT | | | | |

* * *

THESE PROVISIONS ARE BASED ON THE PLAN DATED 12/21/2004.

In the instant motion, GE Capital Corporation, which asserts that it is the owner and holder of the retail installment

2

contract under which Debtors purchased the 1995 Jaguar, asserts that Debtors "are delinquent in the sum of $7,195.92.  The amount remaining unpaid on the Contract after late charges and rebate of unearned interest is $11,161.47."  Movant alleges the value of the vehicle is $10,125.00, and thus asserts that Debtors have no equity in the vehicle.  Movant additionally asserts that its interest is not adequately protected, because Debtors have failed to properly insure the vehicle, and have failed to pay installments due under the contract.  (Docket No. 56).

Debtors filed a response to the instant motion, denying the material allegations of the motion.  (Docket No. 61).

The instant motion was set for a preliminary hearing on May 4, 2005.  At the preliminary hearing, a final hearing was set for May 21, 2005.  At the May 21, 2005 hearing, counsel for Movant sought a continuance, and the final hearing was continued to May 25, 2005.

Movant did not appear at the hearing set May 25, 2005 on the instant motion.  Debtor appeared at the hearing on May 25, 2005, and orally moved for denial of the instant motion.

On May 26, 2005, Movant filed a motion to set an additional final hearing on the instant motion.  (Docket No. 64). The court granted the motion to set an additional final hearing (Docket No. 68), and the final hearing was set for June 29, 2005.

At the final hearing held June 29, 2005, neither party presented evidence.

Conclusions of Law

Section 362(d) of the Bankruptcy Code provides in pertinent part:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay--
>
> > (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
> >
> > (2) with respect to a stay of an act against property under subsection (a) of this section, if
> >
> > > (A) the debtor does not have an equity in such property;  and
> > >
> > > (B) such property is not necessary to an effective reorganization.

11 U.S.C. § 362(d)(2).

The party requesting relief from the stay has the burden of proof on the issue of the debtor's equity in property. The party opposing relief has the burden of proof as to all other issues.  11 U.S.C. § 362(g).

In the absence of evidence as to Debtors' equity in the vehicle, the court concludes that Movant has failed to meet its burden of proof.

With respect to adequate protection, both parties are proceeding under a mistaken impression of the facts, which arises

4

due to a difference between the amended Chapter 13 plan and the form of order submitted by the Chapter 13 trustee confirming it. The treatment Debtor proposed in the amended Chapter 13 plan would be sufficient to provide adequate protection to Movant, if Movant were receiving payments from the Chapter 13 Trustee, as Debtor intended in the amended plan.  However, Movant is not receiving distributions from the Chapter 13 Trustee. Accordingly, the court will condition the automatic stay with respect to the vehicle upon the Debtors' seeking and obtaining entry of an order granting relief from the confirmation order by directing distribution of payments from the Chapter 13 Trustee to Movant.

Based on the foregoing, a separate conforming Judgment will be entered.

Signed at Houston, Texas on July 26, 2005.

HONORABLE LETITIA Z. CLARK
UNITED STATES BANKRUPTCY JUDGE